# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| ALLAN GARLOFF and WANDA GARLOFF,<br><br>    Plaintiffs/Counterclaim Defendants,<br><br>vs.<br><br>KIM A. SHAFFER, as Trustee of the RUTH A. DRAUT REVOCABLE TRUST,<br><br>    Defendant/Counterclaim Plaintiff.<br>_____<br>KIM SHAFFER, as Trustee of the RUTH A. DRAUT REVOCABLE TRUST,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>ALLAN GARLOFF and WANDA GARLOFF,<br><br>    Defendants/Counterclaim Plaintiffs. | No. 19-CV-4040-CJW-MAR<br><br>**ORDER**<br><br><br><br><br><br><br><br>No. 19-CV-4013-CJW-MAR<br><br><br><br>**ORDER** |

_____

This matter is before the Court on defendant's Motion for Partial Summary Judgment (Doc. 20) and plaintiffs' Motion to Deny the Defendant's Motion for Partial Summary Judgment or, Alternatively for an Extension Under FED. R. CIV. P. 56(d) (Doc.

21).[1] Plaintiffs timely resisted defendant's Motion for Partial Summary Judgment (Doc. 23) and defendant filed a timely reply (Doc. 25). Defendant also timely resisted plaintiffs' Motion to Deny the Defendant's Motion for Partial Summary Judgment or, Alternatively for an Extension Under FED. R. CIV. P. 56(d). (Doc. 24).

For the following reasons, defendant's Motion for Partial Summary Judgment (Doc. 20) is **denied without prejudice to reassertion**. Plaintiffs' Motion to Deny the Defendant's Motion for Partial Summary Judgment or, Alternatively for an Extension Under FED. R. CIV. P. 56(d) (Doc. 21) is **granted**.

## I. FACTUAL BACKGROUND

In July 1997, Ruth A. Draut ("Draut") created the Ruth A. Draut Revocable Trust ("Trust"). (Doc. 23-1, at 1). Draut funded the Trust by transferring parcels of real property she owned to the Trust. (*Id.*). On May 20, 1998, Draut transferred farmland she owned in Dickinson County, Iowa ("Dickinson County property") to the Trust in fee simple via a warranty deed. (*Id.*, at 1-2). All property in the Trust was to be administered in accordance with the Trust's terms. (*Id.*, at 2). Draut served as the Trust's original trustee and designated Kim A. Shaffer ("defendant") to serve as the successor trustee when Draut became unwilling or unable to perform her duties. (*Id.*, at 3). On July 20, 2018, Draut passed away at the age of 85. (*Id.*, at 4). Defendant took over as trustee following Draut's death. (*Id.*).

Draut rented out the Dickinson County property as farmland in the years preceding her death. On August 27, 2010, Draut signed a lease for the Dickinson County property with George Garloff ("George"). (Doc. 26, at 3). George paid Draut $9,500 cash rent

---

[1] On October 23, 2019, the Court ordered cases Nos. 19-CV-4013-CJW and 19-CV-4040-CJW to be consolidated. (Doc. 12). The Court designated 19-CV-4040 as the lead case. (*Id.*, at 2). Because 19-CV-4040-CJW is the lead case the Court will refer to Allan and Wanda Garloff as the plaintiffs and Kim A. Shaffer, as trustee of the Ruth A. Draut Revocable Trust, as defendant. Unless indicated otherwise, docket citations are to entries for 19-CV-4040-CJW.

"per year for the 2011, 2012, and 2013 crop years." (*Id.*). On December 20, 2013, shortly after George's death, Draut signed a lease for the farmland with George's son, Allan Garloff, one of the plaintiffs in this matter. (*Id.*, at 3-4). Under the lease, plaintiffs paid Draut $15,000 cash rent "per year for the 2014, 2015, 2016 and 2017 crop years." (*Id.*, at 4). On April 28, 2017, Draut signed another lease with plaintiffs to rent the land for the crop years 2018-2022. (Doc. 23-1, at 3). Plaintiffs paid Draut $15,000 for the 2018 crop year before Draut passed away. (Doc. 26, at 4).

## II. PROCEDURAL BACKGROUND

This case involves three related matters. First, on April 8, 2019, defendant filed suit against plaintiffs in the United States District Court for the Northern District of Iowa. (Doc. 1, No. 19-CV-4013). Defendant alleged claims for failure to follow trust formalities, undue influence, unconscionability, unjust enrichment, and trespass. (*Id.*, at 5-8). Second, on the same day defendant filed suit against plaintiffs, defendant also filed suit against Mark and Bryan Tewes (collectively, the "Tewes") in this Court. (Doc. 1, No. 19-CV-4014). Defendant's action against the Tewes involved similar facts and raised the same claims for failure to follow trust formalities, undue influence, unconscionability, unjust enrichment, and trespass. (*Id.*, at 5-8). Third, on June 11, 2019, plaintiffs filed a petition for a declaratory judgment in the Iowa District Court for Dickinson County. (Doc. 2). Plaintiffs sought a declaration from the Iowa District Court that their agricultural lease for the Dickinson County property was valid. (*Id.*, at 3). Defendant removed the state court action to this Court on grounds that the Court has diversity jurisdiction under Title 28, United States Code, Section 1332. (Doc. 1, at 1).

On October 1, 2019, Magistrate Judge Mark A. Roberts requested position statements from plaintiffs, defendant, and the Tewes regarding consolidation of the above matters. (Doc. 8). In his October 1, 2019 order, Judge Roberts noted that the three cases involved similar parties, disputes over the validity of similar farm leases, and

3

similar claims. (*Id.*, at 2). The Order noted, however, that two of the matters involved different parcels of real estate and different leases. (*Id.*). The parties did not object to consolidating 19-CV-4013 and 19-CV-4040, the two cases involving plaintiffs. Defendant did, however, object to case 19-CV-4014 (involving the Tewes) being consolidated with the other two cases involving plaintiffs because the cases involved several factual differences. (Doc. 11). Thus, the Court ordered 19-CV-4013 and 19-CV-4040 to be consolidated but ordered 19-CV-4014 to proceed independently. (Doc. 12).

On October 1, 2019, the Court issued a Scheduling Order with various deadlines, including a May 22, 2020 discovery deadline, and June 24, 2020 dispositive motion deadline. (Doc. 7). The case is currently scheduled for a jury trial to commence on December 28, 2020. (Doc. 13, at 3).

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). When asserting that a fact is undisputed or is genuinely disputed, a party must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1)(A); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Alternatively, a party may show that "the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(B). More specifically, a "party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." FED. R. CIV. P. 56(c)(2).

A fact is "material" if it "might affect the outcome of the suit under the governing law[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citation omitted). "An issue of material fact is genuine if it has a real basis in the record," *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citation omitted), or "when a reasonable jury could return a verdict for the nonmoving party on the question," *Wood v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) (internal quotation marks and citation omitted). Evidence that presents only "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), or evidence that is "merely colorable" or "not significantly probative," *Anderson*, 477 U.S. at 249-50, does not make an issue of fact genuine. In sum, a genuine issue of material fact requires "sufficient evidence supporting the claimed factual dispute" that it requires "a jury or judge to resolve the parties' differing versions of the truth at trial." *Id*. at 249 (citation and internal quotation marks omitted).

The party moving for summary judgment bears "the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." *Hartnagel*, 953 F.2d at 395 (citation omitted). Once the moving party has met this burden, the nonmoving party must go beyond the pleadings and by depositions, affidavits, or other evidence designate specific facts showing that there is a genuine issue for trial. *See Mosley v. City of Northwoods*, 415 F.3d 908, 910 (8th Cir. 2005).

In determining whether a genuine issue of material fact exists, courts must view the evidence in the light most favorable to the nonmoving party, giving that party the benefit of all reasonable inferences that can be drawn from the facts. *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014); *Matsushita*, 475 U.S. at 587-88 (citation omitted); *see also Reed v. City of St. Charles*, 561 F.3d 788, 790 (8th Cir. 2009) (stating that in ruling on a motion for summary judgment, a court must view the facts "in a light most favorable

5

to the non-moving party—as long as those facts are not so 'blatantly contradicted by the record . . . that no reasonable jury could believe' them") (alteration in original) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). A court does "not weigh the evidence or attempt to determine the credibility of the witnesses." *Kammueller v. Loomis, Fargo & Co.*, 383 F.3d 779, 784 (8th Cir. 2004) (citation omitted). Rather, a "court's function is to determine whether a dispute about a material fact is genuine[.]" *Quick v. Donaldson Co.*, 90 F.3d 1372, 1376-77 (8th Cir. 1996). When considering a motion for summary judgment, the court "need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).

A court need not wait until discovery is completed before ruling on a summary judgment motion. *Anzaldua v. Ne. Ambulance & Fire Prot. Dist.*, 793 F.3d 822, 836 (8th Cir. 2015). The non-moving party may, however, seek a continuance until adequate discovery is completed. *Toben v.Bridgestone Retail Operations, LLC*, 751 F.3d 888, 894 (8th Cir. 2014). Federal Rule of Civil Procedure 56(d) "allows a party to request a delay in granting summary judgment if the party can make a good faith showing that postponement of the ruling would enable it to discover additional evidence which might rebut the movant's showing of the absence of a genuine issue of material fact." *Johnson v. Moody*, 903 F.3d 766, 772 (8th Cir. 2018) (internal quotation marks omitted) (quoting *Robinson v. Terex Corp.*, 439 F.3d 465, 467 (8th Cir. 2006)). The requested delay should not be granted so the movant can go on a "fishing expedition" to find helpful facts. *Id*. Instead, the movant must show: "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *Toben*, 751 F.3d at 895 (citation and internal quotation marks omitted). A district court has wide discretion in deciding a Rule 56(d) motion. *Johnson*, 903 F.3d at 772.

6

## IV. ANALYSIS

The parties disagree on two main issues. First, the parties disagree whether the Court should enter partial summary judgment and declare the lease signed by Draut and plaintiffs invalid. Second, the parties disagree whether the Court should permit further discovery before it rules on the summary judgment motion. The Court finds that plaintiffs should have the opportunity to complete discovery before the Court rules on defendant's partial summary judgment motion. Thus, the Court **grants** plaintiffs' Rule 56(d) motion for a discovery extension and **denies without prejudice to reassert** defendant's motion for partial summary judgment.

### A. *Parties' Arguments*

First, defendant argues that summary judgment should be granted in defendant's favor on the failure to follow trust formalities claim. Defendant argues that Draut did not have the authority to lease the farmland to plaintiffs. (Doc. 20-1, at 2). Defendant asserts that the land was held in the Trust when the lease was signed so only the trustee, acting on behalf of the Trust, could lease the land. (*Id.*, at 6). Defendant recognizes that Draut was the trustee at the time of the conveyance. (*Id.*, at 2). Defendant, however, argues Draut executed the lease in her individual capacity and not in her role as the trustee. (*Id.*). For example, Draut signed the lease as "landlord" and referred to the property as "my land." (*Id.*, at 3). Because Draut allegedly entered into the lease in her individual capacity, she was conveying land that she did not own or have any right to convey. In short, defendant argues that Draut could not convey what she did not own, and the lease is therefore invalid. (*Id.*, at 2).

Plaintiffs disagree. Plaintiffs argue the terms of the Trust specifically reserved Draut's right to convey the property at Draut's discretion, including leasing the property without the Trust's or trustee's consent. To support their position, plaintiffs point to the Trust provision that states:

> The following powers and rights are reserved by me during my life, to be exercised by me without the consent or participation of the trustee or any beneficiary of the trust:
>
> * * *
>
> 6. To direct in writing the retention, purchase, sale or transfer of property of the trust. My trustee shall follow my written directions delivered to the trustee if reasonably possible. My trustee shall not be liable to anyone for loss as a result of following such directions. My trustee can act without such written directions.

(Doc. 23-3, at 6-7). Plaintiffs argue Draut was exercising her reserved right to convey her property when she entered into the lease with them in 2017. (*Id.*). Thus, plaintiffs contend the lease was valid.

Second, plaintiffs argue that discovery must be completed before the Court can rule on the summary judgment motion. Plaintiffs argue that even if Draut could not convey the land individually, she could convey the land as the trustee. Plaintiffs argue that there is a genuine issue of fact as to whether Draut was acting as an individual or as trustee, but that plaintiffs can only demonstrate the factual dispute if they are permitted to conduct discovery. (Doc. 23-3, at 8). Plaintiffs assert they served defendant with discovery requests on November 20, 2019, which included interrogatories, requests for production of documents, and requests for admissions, but had not received responses at the time of plaintiffs' motion. (Doc. 21, at 2). Thus, plaintiffs argue the Court should allow the parties to complete discovery before it rules on the summary judgment motion for two reasons. Plaintiffs argue discovery will allow them to discover facts relevant to their resistance to defendant's summary judgment motion. (*Id.*, at 2). Plaintiffs also argue the responses to discovery requests and depositions may reveal facts related to their affirmative defenses. (*Id.*, at 4).

Defendant resists plaintiffs' request for an extension to complete discovery. (Doc. 24). Defendant argues neither plaintiffs' motion nor their counsel's affidavit attached to

the motion make the required showing "that the sought-after facts exist or are essential to resist summary judgment." (*Id.*, at 3). Defendant asserts that plaintiffs' contention that additional discovery "may reveal" or could "potentially uncover" facts is too speculative to meet the standard for an extension of time. (*Id.*). Defendant also argues that any facts discovered during discovery would be extrinsic evidence of the terms of the lease and such facts would be barred by the parol evidence rule. (*Id.*, at 4).

### B. *Trust Formalities*

The Court must first determine whether discovery could produce any relevant facts before it decides whether more time should be allowed for discovery. As a preliminary matter, the Court finds that the legal title to the Dickinson County property was transferred to the Trust when the warranty deed was executed on May 20, 1998.[2] *See Lewis v. Curnutt*, 106 N.W. 914, 918 (Iowa 1906); *see also* RESTATEMENT (THIRD) OF TRUSTS § 42 cmt. b (Am. Law Inst. 2003). The primary issue in this matter—that is, whether the lease for the Dickinson County property is valid—then turns on the question of whether the Trust agreement gave Draut the authority to lease the property.

Plaintiffs argue the Trust provision granting Draut the right to direct in writing the retention, purchase, sale or transfer of property of the Trust authorized Draut to lease the Dickinson County property. Iowa courts have found provisions that reserve a settlor's right to transfer property to be valid trust provisions. *See Brenneman v. Bennett*, 420

---

[2] In their briefs the parties cite to both Iowa and Minnesota trust law, but do not discuss or provide support for which law the Court should apply. The Court understands the Trust Agreement contained an applicable law provision that designated Minnesota law as controlling. The Iowa Trust Code typically respects applicable law provisions in trusts, but also states when the trust involves real property, the law of the jurisdiction where the real property is located applies. IOWA TRUST CODE § 633A.1108(2)(C). Here, the farmland is located in Dickinson County, Iowa. Additionally, defendant did not object to plaintiffs' citation to the Iowa Code and did engage in a discussion of the provision. Thus, for purposes of this Order, the Court will rely on Iowa law. The parties are advised to include a choice of law discussion should defendant renew its motion for partial summary judgment after the close of discovery.

F.2d 19, 23 (8th Cir. 1970). Thus, Draut validly retained the right to transfer the property so long as she complied with the procedures the agreement established for transferring property. The issue then becomes whether Draut followed any of the formalities when she executed the lease.

The Court reads the Trust provision to mean Draut could transfer the property in two possible ways. First, Draut could "direct in writing the retention, purchase, sale or transfer of property of the trust." (Doc. 23-3, at 7). Because the Trust, and not Draut, had legal title to the Dickinson County property, the Court finds Draut could not lease the property in her individual capacity. Instead, the phrase "direct in writing" gives Draut the authority to tell the Trust or trustee, in writing, what to do with the property. In cases like this, when the settlor who retains the right is also the trustee, the distinction appears frivolous and it may seem unnecessary to require Draut to direct herself on how to convey the property. But trust formalities are important. In exchange for receiving the benefits of a trust, a settlor is expected to follow specific procedures that are designed to define and distinguish property and rights. *See* RESTATEMENT (THIRD) OF TRUSTS § 25 cmt. a (Am. Law Inst. 2003). Thus, plaintiffs may be able to succeed on their claim if they can show Draut did direct the Trust or trustee in writing to lease the Dickinson County property.

Second, the Court understands the provision to mean Draut could enter the lease in her role as the trustee. The provision states that regarding the transfer of property the "trustee can act without such written directions." (Doc. 23-3, at 7). The provision granting Draut, in her role as a trustee, the power to dispose land is supported by caselaw and the trust code. "[T]here are decisions holding that broad powers of sale or other disposition which were included in a trust resided in the trustee . . ." *Brenneman*, 420 F.2d at 24-25 (citing several cases). Additionally, the trust code provides that a trustee can "[e]nter into a lease for any purpose as a lessor or lessee[.]" IOWA CODE §

633A.4402(10). To transfer property as a trustee, however, the lessor must be acting as the trustee. The clearest way to show that the lessor was acting as a trustee would be by including the word "trustee" or a reference to the Trust on the lease document. *See Austin v. City of Alexandria*, 574 S.E.2d 289, 293 (Va. 2003) (finding the absence of any reference to the trust owning the property at issue determinative that the property was not properly conveyed under the trust's provisions). The Court, however, finds a party could conceivably show the lessor was acting as a trustee through other evidence. The Court again notes this is a narrow distinction when the settlor and the trustee are the same person, but also notes that formalities are important to protect property rights and interests. Thus, if there is evidence that Draut signed the lease as trustee, the lease may be valid.

### C. *Additional Time for Discovery*

The Court finds that plaintiffs should be permitted to conduct discovery before the Court rules on defendant's summary judgment motion. Plaintiffs have made "a good faith showing that the postponement of the ruling would enable it to discover additional evidence which might rebut the movant's showing of the absence of a genuine issue of material fact." *Johnson*, 903 F.3d at 772 (citation omitted). Moreover, plaintiffs have demonstrated that they satisfy each of the elements necessary to grant a delay.

First, plaintiffs have "set forth in affidavit form the specific facts that they hope to elicit from further discovery." *Toben*, 751 F.3d at 895 (citation omitted). Plaintiffs attached an affidavit prepared and signed by their attorney that states the specific discovery requests and interrogatories that have already been served on defendant. (Doc. 21-1). The affidavit contains specific facts plaintiffs hope to obtain through discovery including, for example, "in what capacity Draut signed contracts, checks, FSA documents, USDA documents, and [how she] conducted other business transactions." (*Id.*, at 3-4). These facts are relevant to plaintiffs' response to defendant's contention

that Draut leased the land in her individual capacity and not in her role as trustee of the Trust and to plaintiffs' affirmative defenses.

Second, plaintiffs have sufficiently demonstrated "that the facts sought exist." *Toben*, 751 F.3d at 895. Plaintiffs have stated they are seeking facts as to whether Draut conducted business as a trustee or in her individual capacity and whether she told anyone about the rental of the farms. (Doc. 21-1, at 3). They have demonstrated that the facts necessary to make that determination exist. For example, plaintiffs allege they submitted requests for depositions and interrogatories to be completed by various individuals, such as the notary publics who notarized the leases and the other farm tenants who rented land from Draut. (*Id.*, at 2-4). Plaintiffs have shown that these individuals, in interacting with Draut, have personal knowledge of how Draut conducted her business, which will show whether she was acting as an individual or the trustee. (*Id.*, at 4-5). Plaintiffs have also requested various financial documents and other leases Draut signed. Plaintiffs have demonstrated these documents exist by providing samples of other leases and agreements she entered. (*Id.*, at 2-5). It is possible the facts that are discovered may not help plaintiffs' case. But, as required for a Rule 56(d) motion, plaintiffs have shown that facts exist which will inform in what capacity she entered the lease.

Third, plaintiffs have shown that the sought-after facts are essential to resist the summary judgment motion. *Toben*, 751 F.3d at 895 (citation omitted). Plaintiffs allege there is a genuine issue of fact about whether Draut entered the lease in her individual capacity or in her trustee capacity. (Doc. 21-2, at 7-8). To show there is an issue, plaintiffs must go beyond the pleadings and support their position through interrogatories, depositions, and documents. *Mosley*, 415 F.3d at 910. To do that, however, plaintiffs must be permitted to conduct discovery to obtain the information that shows there is a genuine issue of a material fact. Despite the lack of any clear designation of "trustee" on the lease, the Court finds plaintiffs could conceivably produce some evidence that

raises a question regarding Draut's role in signing the lease. Plaintiffs also allege additional facts are necessary to establish and support their affirmative defenses. The Court finds additional facts may be necessary to clarify plaintiffs' affirmative defense arguments and finds discovery should proceed to clarify the affirmative defenses as well.

Defendant argues it is futile for plaintiffs to conduct discovery because each of the items plaintiffs seek to discover will be barred by the parol evidence rule. (Doc. 24, 4-5). The Court is not persuaded that this is a reason to bar further discovery. "The instant case is principally concerned with an application of the Iowa parol evidence rule. This rule, rather than being a rule of evidence, is a rule of substantive law." *Nutrena Mills, Inc. v. Yoder*, 187 F. Supp. 415, 419 (N.D. Iowa 1960). "When an agreement is fully integrated, the parol-evidence rule forbids the use of extrinsic evidence introduced solely to vary, add to, or subtract from the agreement. *C & J Vantage Leasing Co. v. Wolfe*, 795 N.W.2d 65, 85 (Iowa 2011). The parol evidence rule does not, however, bar extrinsic evidence to show "that a writing is not completely clear and unambiguous as to the subject in dispute, or to aid interpretation if it sheds light on the situation of the parties, antecedent negotiations, the attendant circumstances, and the objects they were striving to achieve." *S&W Agency, Inc. v. Foremost Ins. Co.*, 51 F. Supp. 2d 959, 967 (N.D. Iowa 1998).

The Court finds it would be premature to decide whether the evidence would be excluded by the parol evidence rule at this stage. The Court cannot determine whether discovery will result in materials that "shed[ ] light on the situation of the parties, antecedent negotiations, the attendant circumstances, and the objects they were striving to achieve" without first seeing what the materials are. *S&W Agency, Inc.*, 51 F. Supp. 2d at 967. Indeed, several of the materials requested by plaintiffs during discovery—such as the notary's interrogatory—are intended precisely to shed light on the antecedent negotiations and the attendant circumstances. Moreover, determining "whether an

agreement is fully integrated is a question of fact, to be determined from the totality of the evidence." *C & J Vantage Leasing Co.*, 795 N.W.2d at 85. Here, the lease does not have an integration clause and is somewhat bare bones, which at least raises the possibility that the lease is not fully integrated. *Optimal Interiors, LLC v. HON Co.*, 774 F. Supp. 2d 993, 1003-04 (S.D. Iowa 2011) (discussing factors courts consider to determine whether an agreement is fully integrated). Also, because the Court has permitted discovery to continue, the totality of the evidence is not before the Court. Lastly, defendant fails to explain how the landlord/landlady designation or the phrase "my property" are terms of the contract and how the terms erase ambiguity. Thus, the Court finds it inappropriate to make a ruling at this time based on the possibility that evidence may be excluded by the parol evidence rule.

### V. CONCLUSION

For the reasons stated above, the Court **grants** plaintiffs' Rule 56(d) motion to extend discovery. Because the parties have already submitted a first round of briefing, however, the Court finds it appropriate to modify the scheduling order. Defendant will now have fourteen days after discovery closes on May 22, 2020, to file its supplemental motion for summary judgment. Plaintiffs will have seven days to file a response to any such motion for summary judgment.

**IT IS SO ORDERED** this 11th day of February, 2020.

_____
C.J. Williams
United States District Judge
Northern District of Iowa